Judge Owsleit
delivered the Opinion of the Court.
This was an action of assumpsit, brought by tbs present plaintiff, to recover of the defendant upon a contract made with the intestate Holley, in his life time.
The declaration, as originally drawn, contains several counts, and the defendant failing to make *15 answer thereto, an interlocutory judgment was entered against him, and a writ of enquiry awarded to assess the damages.
Damages assessed on first count & verdict on the others foi defendant.
Judgment ar. rested on defendant’s mo. tion, and declaration amended.
Plea; trial; verdict and judgment for defendant.
Errors assigned.
If pluintiii' amend his declaration, after judgment has been arrested on defendant’s motion,andhare another trial, he cannot afterwards assign for eiror that the court erred ia ar. resting the judgment.
*15 Upon executing the writ of inquiry, the jury assessed five hundred and forty-one dollars, for damages sustained by reason of the failure of the defendant to perform the assumpsit laid in the first count of the declaration, and found for the defendant on the other counts.
A motion was then made by the defendant in arrest of judgment, and the court, being of opinion that the first count of the declaration was defective, rendered judgment in arrest of judgment, and directed the proceedings to commence by the plaintiff filing an amendment to her declaration.
At a subsequent term, an amended declaration was filed, under the special leave of the court, obtained by application of the plaintiff for that purpose.
The general issue was then pleaded by the defendant, and upon the trial of that issue, a verdict was found for the defendant, and judgment thereon rendered in his favor for the cost, to be levied of the estate of the intestate in the hands of the plaintiff unadministered, &c.
To reverse this latter judgment, the plaintiff has prosecuted this writ of error.
The assignment of errors questions the correctness of the decision of the court below, in arresting the judgment upon the first virdict as well as the subsequent opinions of the court in the further progress of the cause, and the accuracy of the judgment rendered against the plaintiff.
Whether or not the court was correct in arresting the judgment, is not, however, in the opinion of this court, an enquiry proper to be gone into in the present contest. If, instead of amending her declaration, the plaintiff, after the arrest of judgment, had failed to amend her declaration, and judgment had been rendered dismissing her action, it would, no doubt, in a writ of error to the judgment of dismissal, he incumbent upon this court to revise the decision of the court below arresting the judgment, in that case, a dotorainatien by the plaintiff is abide *16 by her first count would be sufficiently evinced, and of course she would be entitled to the opinion of this court upon the sufficiency of that count to authorize her to recover. Rut after having not only obtained leave of the court and actually amended her declaration, and after having proceeded upon that amended declaration to a final trial upon the merits, the case of the plaintiff is essentially altered. Under such circumstances, she must be understood to have waived the demand asserted by her in her original declaration, and in a writ of error to the judgment rendered against her upon the amended declaration should not be permitted to draw in question the correctness of the decision of the court, which was given in arresting the judgment. She cannot be at liberty to do so with more propriety than would a plaintiff be to question the correctness óf a decision against her upon a demurer to her declaration, after, under the leave of the court, amending her declaration, which, according to the repeated decisions of this court, can never be done.
Amendment of a plea demurred to after judgment for demurrant is an abandonment of the plea so decided against, and a waiver of the error ill the judgment agaiustit.
On parol proof of defendant’s confession of a contract, witness stated that in same conversation, defendant said it was in writing and in plaintiff’s possession, the court should instruct the jury, if they so believed, the law was for defendant.
The present case must, therefore, turn upon the questions made in relation to the proceedings subsequent to the arrest of judgment, and not upon the correctness of the decision given upon that judgment.
In the progress of the trial in the court below’, after a witness, who had been introduced by the plaintiff, to support the promise laid in her declaration, bad stated the confession to him of the defendant, as to the contract between the intestate Holley and the defendant, he remarked that, in the same conversation, he was informed by the defendant, that the contract wras reduced to writing, and was in the intestate’s possession, but that it was of no force, as there was no subscribing witness to it — ~. Whereupon the defendant1 moved the court, and obtained its instructions to the jury, that if they believed from the evidence that the contract spoken of by the witness had been reduced to writing, they must find for the defendant.
The instruction thus given, we are of opinion accords strictly with the doctrine of the law of this *17 «oimtry. Since the passage of the act of the legislature of this country, placing unsealed writings upon the same footing of sealed writings, it has been repeatedly held by this court, that assumpsit cannot be maintained upon written contracts; and from the statement of the witness, the contract mentioned by him must have been made since the passage of that act; so that the court must have been correct in instructing the jury to find for the defendant, if, from the evidence, they believed the contract was committed to writing.
To obtain a. new trial on the ground of surprise, by an article of evidence, the affidavit should shew at least that the contrary could be pro- ’ ved on another trial.
Executors or administra, tors,plaintiffs, are not liable to judgments for costs of suits on caus. es of action alleged to have been made with the deceased, though determined for defendant.
Judgment reversed as to the costé.
It also appears, that after the jury had found a verdict for the defendant, a motion was made by the plaintiff for a new trial, and overruled by the court. Exceptions were taken to that opinion, and its correctness is questioned hy the assignment of errors.
No error, however, is perceived in the decision refusing to award a new trial. The application for a new trial is predicated upon the alleged surprise of the plaintiff, hy the testimony of a witness introduced by hex’, in relation to a matter which she does not even state in her affidavit that she would he enabled on a subsequent trial to disprove, though she states, that she expects to be able to prove something ineonsistent with the facts proved by the witness, hy another person, whom she has not had an opportunity of seeing since the trial.
It was, however, irregular in the court below, to render judgment'for cost against the plaintiff. The suit was -brought by the plaintiff in her official character, upon a contract alleged to have been made with her intestate, and it has been heretofore decided by this court, that in such a case cost cannot he awarded against an administrator or executor, though the suit be determined in favor of the defendant.
Except ag to the cost, the judgment must, therefore, be affirmed, and as to tlie cost the judgment must be reversed, (a)
French and Hanson for plaintiff) Taul for defendant.
Each party must pay their own cost in this court;

 See 1 Monroe, 260. Appeal does not fie,from a judgment for costs only. 1 Dig. L. K, 381.